## APPEALS OF MEYER LIBERMAN.

Docket Nos. 2212, 2213.  Submitted April 28, 1925.  Decided February 9, 1926.

> Certain amounts received by the taxpayer in the years 1919 and 1920 from the Rotary Shirt Co., *held* to be the income of the taxpayer and his brother in equal proportions.

*R. L. Nutt, Esq.*, for the taxpayer.
*Willis D. Nance, Esq.*, for the Commissioner.

Before IVINS, MARQUETTE, and MORRIS.

These appeals are from deficiencies in income taxes of $9,128.01 and $4,296.34 for the years 1919 and 1920, respectively, arising from the inclusion by the Commissioner in the taxpayer's gross income of $40,500 and $20,000 for the years 1919 and 1920, respectively, received by him from the Rotary Shirt Co., Inc.

### FINDINGS OF FACT.

The taxpayer is an individual, with his principal office in New York City.  During the taxable years in question, he and his brother, Isaac Liberman, operated a ladies' wearing apparel store as a partnership.  He was also president and his brother was secretary of the Rotary Shirt Co., Inc., which was organized on June 16, 1917, approximately 45 per cent of the stock thereof being owned by them. For several years the taxpayer and his brother had an oral understanding that they would contribute and share equally in business ventures, whether entered into jointly or separately.  Some time prior to 1919, the taxpayer entered into a contract with the Rotary Shirt Co., Inc., whereby he agreed to advance money and to render aid, counsel, and assistance to it, for which he was to receive 6 per cent on the money advanced and 20 per cent of the net profits of the business.  His salary as president was $20,000 a year.  Loans were made to the company by "Liberman Brothers."  Its merchandise accounts, especially the large ones, were guaranteed, and its negotiable paper was endorsed, by "Liberman Brothers."

On April 16, 1919, the following agreement was entered into by the taxpayer and his brother:

THIS AGREEMENT made the 16th day of April, one thousand nine hundred and nineteen, by and between MEYER LIBERMAN of the Borough of Manhattan, City of New York, party of the first part, and ISAAC LIBERMAN, of the Borough of Manhattan, City and State of New York, party of the second part,

WITNESSETH:

WHEREAS, the party of the first part has made a certain agreement with the Rotary Shirt Co., Inc., of Borough of Manhattan, City and State of New York, whereby loans and advances of money not exceeding twenty-five thousand ($25,000.00) Dollars during any fiscal year shall be made by said party

of the first part to said corporation, at the rate of 6% per annum, and an additional compensation of 20% of the net profits of such corporation for his readiness and willingness to make such loan as required and requested by the corporation, and for his financial services, aid, counsel, assistance, information and advice, and

WHEREAS, such moneys, advances and loans are made from the funds of the copartnership of Liberman Bros., composed of the said parties of the first part and second part, and

WHEREAS, the said loans, advances and moneys are made from the funds of the party of the first part and second part through the agency of the party of the first part, and

WHEREAS, said party of the first part consults with said party of the second part in matters pertaining to the financial organization and service rendered to said Rotary Shirt Co., Inc.,

NOW THEREFORE, in consideration of the premises and of the sum of One Dollar in hand paid to the party of the first part by the parties of the second part, the receipt whereof is hereby acknowledged, the said party of the first part does hereby agree and bind himself, his executors, administrators and assigns, as follows, to wit:

That all interest, benefits, increases and income derived from the placing of loans above mentioned with the Rotary Shirt Co., Inc., be made for the account of the parties of the first and second parts equally, and to be placed to the credit of the parties of the first and second parts equally.

That all moneys received by said party of the first part upon such loans and advances be held for the account and credit of the parties of the first and second parts equally.

As compensation for financing services, the taxpayer received from the Rotary Shirt Co., Inc., by checks made payable to him, $40,500 and $20,000, during the years 1919 and 1920, respectively, one-half of which he gave his brother. Each reported one-half of these amounts for the years in question.

The partnership of Liberman Brothers filed partnership returns for the years 1919 and 1920, but did not include in those returns the amounts of $40,500 and $20,000.

### DECISION.

The deficiencies should be computed in accordance with the following opinion. Final determination will be settled on 10 days' notice, under Rule 50.

### OPINION.

MORRIS: The taxpayer contends that the $40,500 and $20,000 received by him from the Rotary Shirt Co., Inc., during the years 1919 and 1920, respectively, were income of Liberman Brothers, and that, therefore, he and Isaac Liberman are entitled to report one-half thereof in their individual returns. The contract with the Rotary Shirt Co., Inc., was entered into by the taxpayer, the income therefrom was paid directly to him, and was not reported in the

partnership return, but we are satisfied that these facts are not sufficient to sustain the Commissioner's position. The taxpayer was actively engaged in the conduct of the affairs of that corporation; he was in constant contact with it, so it is not unusual that the negotiations and payment for the financing services should have been handled through him. Other facts indicate that the contract was for the benefit of Liberman Brothers. The taxpayer and his brother had for several years conducted business on a " fifty-fifty " basis, each contributing half of the required capital and sharing equally in the profits. They had an oral understanding that each would participate in any business venture undertaken by the other, which was reduced to writing in respect to their dealings with the Rotary Shirt Co., Inc. Loans were made to that company from the funds of " Liberman Brothers," its merchandise accounts, especially the larger ones, were guaranteed, and its negotiable paper was endorsed by " Liberman Brothers," and there was testimony to the effect that the trade recognized them as the guarantors of its accounts. For these services the taxpayer received the amounts in question, one-half of which he turned over to his brother, who reported it in his returns for the respective years.

In the light of all the evidence we are of the opinion that the taxpayer should include in his return only one-half of the compensation received for these special services; namely, $20,250 for 1919 and $10,000 for 1920. See *Appeal of M. I. Stewart & Co.*, 2 B. T. A. 737.