*618 OPINION.
MoRRis:
The taxpayer contends that the $40,500 and $20,000 received by him from the Rotary Shirt Co., Inc., during the years 1919 and 1920, respectively, were income of Liberman Brothers, and that, therefore, he and Isaac Liberman are entitled to report one-half thereof in their individual returns. The contract with the Rotary Shirt Co., Inc., was entered into by the taxpayer, the income therefrom was paid directly to him, and was not reported in the *619 partnership return, but we are satisfied that these facts are not sufficient to sustain the Commissioner’s position. The taxpayer was actively engaged in the conduct of the affairs of that corporation; he was in constant contact with it, so it is not unusual that the negotiations and payment for the financing services should have been handled through him. Other facts indicate that the contract was for the benefit of Liberman Brothers. The taxpayer and his brother had for several years conducted business on a “ fifty-fifty ” basis, each contributing half of the required capital and sharing equally in the profits. They had an oral understanding that each would participate in any business venture undertaken by the other, which was reduced to writing in respect to their dealings with the Botary Shirt Co., Inc. Loans were made to that company from the funds of “Liberman Brothers,” its merchandise accounts, especially the larger ones, were guaranteed, and its negotiable paper was endorsed by “ Liberman Brothers,” and there was testimony to the effect that the trade recognized them as the guarantors of its accounts. For these services the taxpayer received the amounts in question, one-half of which he turned over to his brother, who reported it in his returns for the respective years.
In the light of all the evidence we are of the opinion that the taxpayer should include in his return only one-half of the compensation received for these special services; namely, $20,250 for 1919 and $10,000 for 1920. See Appeal of M. I. Stewart & Co., 2 B. T. A. 737.